# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE | : | CHAPTER 7 |
| TIMOTHY PAUL C. O'LEARY | : | |
| DEBTOR | : | CASE NO. 04-45093-JBR |
| JOHN A. BURDICK, JR., | : | |
| PLAINTIFF, | : | |
| v. | : | AP. NO. 07-4039 |
| TIMOTHY PAUL C. O'LEARY, | : | |
| DEFENDANT. | : | |

## MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS

This matter came before the Court on the Defendant's Motion to Dismiss Complaint and the Chapter 7 Trustee's Opposition thereto. At issue is whether the Defendant's bankruptcy estate includes an interest in property owed by his wife whom he sued for divorce less than 180 days after the filing of his bankruptcy petition.

## FACTS

The facts are undisputed and those relevant to the issue before the Court are few. In February 2002 the Defendant transfer property located at 760 Pleasant Street, Marlborough, Massachusetts (the "Property") and titled only in the Defendant's name to his wife. On September 8, 2004 (the "Petition Date") the Defendant filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. On December 15, 2004 the Defendant filed a complaint for divorce in the Probate and Family Court. According to the Complaint for Divorce, the Defendant seeks an order conveying the Property to him. On April 6, 2005, while the divorce

action was still pending, the case was converted to one under Chapter 13 but on February 14, 2006, again while the divorce action was still pending, the case was reconverted to Chapter 7 on the Chapter 13 Trustee's motion. According to the Defendant, he has not signed any settlement agreement for the division of marital property and the trial for the division of assets will not occur until July 17, 2007.[1]

The Chapter 7 Trustee has been the Chapter 7 trustee since the filing of the voluntary petition. He investigated the transfer and determined that he would not attack it as fraudulent. After reconversion of the case to chapter 7, however, he commenced the above adversary proceeding asserting that the estate had an interest in the Property that arose by virtue of the Defendant's filing of a divorce proceeding within 180 days of the commencement of the bankruptcy and seeking turnover of the Debtor's interest. The Debtor is the sole defendant in this action. Although the Chapter 7 Trustee initially sought a prejudgment attachment of certain property owned by the Defendant as security for any judgment in this adversary proceeding, the Trustee has withdrawn that motion without prejudice.

## POSITION OF THE PARTIES

The Chapter 7 Trustee asserts that the Defendant acquired an interest in the Property upon the filing of the divorce petition and because the divorce petition was filed within 180 days after the Petition Date, the Defendant's interest in the Property is property of the estate under 11

---

[1] The Defendant's ex-wife obtained relief from the automatic stay to proceed with the divorce proceeding. In her Motion for Relief she stated that "[On January 18, 2006, the Middlesex County Probate & Family Court allowed the parties [sic] divorce, however, the Court reserved all matters relating to property division between the parties until the pending bankruptcy is completed, or upon removal of the automatic stay." It is unclear whether the state court issued a decree nisi on January 18, 2006 or whether the divorce decree became final on that date.

2

U.S.C. § 541(a)(5)(B).

The Defendant argues that Massachusetts is not a community property state and therefore the Defendant has no interest in the Property unless and until the Probate and Family Court awards him an interest in the Property. Moreover he argues that following the Trustee's argument would result in granting every non-debtor spouse who files or whose debtor-spouse files a divorce action within 180 days of the debtor's petition date an interest in the estate property.

At the initial hearing on his motion for an attachment, the Chapter 7 Trustee also raised 11 U.S.C. § 1306(a)(1) as an additional ground for finding the Defendant's interest in the Property as property of the estate. That section brings after-acquired property that is not within the ambit of § 541(a)(5) into a Chapter 13 estate. The Trustee has abandoned that argument and neither party has addressed the impact of § 348(f)(1)(A) on § 541(a)(5).[2] As the parties'

---

[2] Section 348(f)(1)(A) provides that in a case converted from Chapter 13 to Chapter 7 "property of the estate in a converted case shall consist of property of the estate, *as of the date of filing the petition*, that remains in the possession of or is in the control of the debtor on the date of conversion...." (Emphasis added). The parties' tacit agreement that § 541(a)(5) is applicable despite section 348(f)'s reference only to property that was property of the estate of the date of the filing of the petition, is not unreasonable. Section § 348(f) was adopted to overrule cases such as *Matter of Lybrook*, 951 F.2d 136 (7th Cir. 1991), where the court held that property acquired more than 180 days after the filing of a Chapter 13 petition and was property of the Chapter 13 estate, remained property of the estate upon conversion of the case to Chapter 7. HR Rep. 103-834, 103d Cong. 2d Sess. 42-43 (Oct. 4, 1994) and adopt the reasoning of *In re Bobroff*, 766 F.2d 797 (3d Cir. 1985). In that case the Third Circuit stated

> If debtors must take the risk that property acquired during the course of an attempt at repayment will have to be liquidated for the benefit of creditors if chapter 13 proves unavailing, the incentive to give chapter 13-which must be voluntary-a try would be greatly diminished. Conversely, when chapter 13 does prove to be unavailing no reason of policy suggests itself why the creditors should not be put back in precisely the same position as they would have been had the debtor never sought to repay his debts.

3

positions suggests that they believe § 541(a)(5) is applicable in a Chapter 7 case that has been converted from Chapter 13, the Court will analyze the issue under that section.

## DISCUSSION

The Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), made applicable to this proceeding by Fed. R. Bankr. P. 7012. In his Supplemental Memorandum in Support of Defendant's Motion to Dismiss Complaint and in Opposition to Plaintiff's Renewed Motion to Attach Real Estate [docket # 28], the Defendant attached a copy, albeit an uncertified copy, of the divorce complaint. The Defendant also submitted an affidavit that, although styled as "Defendant's Affidavit in Opposition to Motion to Attach Real Estate, contains statements of fact relevant to this matter and not disputed by the Chapter 7 Trustee. The use of materials beyond the pleadings result in a motion to dismiss being treated as one for summary judgment. *Carter v. Stanton*, 405 U.S. 669, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972) (if matters outside pleadings are received and relied on by the court, a motion to dismiss *must* be treated as a motion for summary judgment). Summary judgment is appropriate if there is no genuine dispute of a material fact and the party is entitled to judgment as a matter of law. Thus, if the Court uses statements gleaned from the Defendant's affidavit, his memoranda, and even the wife's motion for relief from stay, the summary judgment standard is applicable. If the Court ignores those materials, the standard for deciding motions to dismiss under Fed. R. Civ. P. 12(b)(6) applies. Under fed. R. Civ. P,. 12(b)(6) "a complaint should not be dismissed for failure to state a claim

---

*Id.* at 803 (internal quotations and citations omitted).
Therefore the Court will not address the relationship of §§ 541(a)(5) and 348(f)(1)(A).

unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Under either standard, however, the result is the same in this case as the Chapter 7 Trustee avers that the Property is property of the estate because the divorce action, without more, was filed within 180 days after the Petition Date.

Property of a bankruptcy estate specifically includes:

> Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date–
> ***
> (B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree....

11 U.S.C. § 541(a)(5)(B). Ordinarily the question of whether a debtor has a property interest is answered by reference to state law. *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) ("Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently [bankruptcy law]."). In this case, however, the Court need look no further than the language of § 541(a)(5)(B) to determine that this provision only includes after-acquired property which a debtor acquires under a settlement agreement, an interlocutory order for divorce, more commonly known as a divorce nisi, or a final divorce decree provided said agreement, divorce nisi, or final divorce decree was entered within 180 days of the filing of bankruptcy. Therefore whether Massachusetts law gives a non-titled debtor a property interest in property of the non-debtor spouse upon the filing of bankruptcy in instances where a divorce action was filed prepetition, while a relevant inquiry in determining what is property of the estate under §

5

541(a)(1) at the instant the case is commenced,[3] is irrelevant to this case where the divorce

petition was filed after the commencement of the bankruptcy case.

Because the Chapter 7 Trustee does not contend that a settlement agreement, a divorce

nisi, or a final divorce decree was entered within 180 days of the filing of the petition, the

requirements of § 541(a)(5)(B) are not satisfied and the estate does not have an interest in the

Property.

**CONCLUSION**

For the foregoing reason, the Motion to Dismiss is GRANTED.

A separate order will issue.

Dated: June18 , 2007

Joel B. Rosenthal
United States Bankruptcy Judge

---

[3]Section 541(a)(1) includes as property of the estate, with exceptions not relevant to this case, "all legal and equitable interests of the debtor in property *as of the commencement of the case.*" (Emphasis added)

6